Opinion
Defendant, Robert Wissinger, appeals from his conviction and sentence for aggravated vehicular homicide and aggravated vehicular assault.
On August 20, 1999, while traveling westbound on State Route 571 in Miami County, Defendant's vehicle went left of center, colliding head on with an oncoming vehicle driven by Arthur Lane. Mr. Lane was killed in the crash. His wife, Denise, and brother, Earl, were seriously injured.
Defendant was subsequently indicted on one count of Aggravated Vehicular Homicide, R.C. 2903.06(A)(2), and two counts of Aggravated Vehicular Assault, R.C. 2903.08(A)(2). Following a jury trial Defendant was found guilty as charged on all counts. The trial court sentenced Defendant to consecutive prison terms totaling six and one-half years.
From his conviction and sentence Defendant has timely appealed to this court.
 ASSIGNMENT OF ERROR APPELLANT WAS DENIED HIS RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL.
Defendant was found guilty of violating R.C. 2903.06(A)(2) and R.C.2903.08(A)(2). These statutes require as a culpable mental state that Defendant acted "recklessly" in operating his motor vehicle, thereby causing death or serious physical harm to another.
Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. Strickland v. Washington (1984), 466 U.S. 168. To show that a defendant has been prejudiced by the particular act or omission of counsel which the claim concerns, the defendant must demonstrate that, were it not for counsel's errors, the result of the trial probably would have been different. Id; State v. Bradley (1989),42 Ohio St.3d 136.
The State offered the testimony of Patricia Brown, who was following behind the Defendant's vehicle when the accident occurred. The prosecutor did not ask Brown whether Defendant was driving in an erratic or reckless manner. Defendant argues that his trial counsel was ineffective for failing to ask the same question of Brown on cross-examination.
Had Brown testified that Defendant was not driving in an erratic or reckless manner, that would have preponderated against a finding of guilt. However, we can't know whether Defendant was prejudiced by his attorney's failure to pursue that line of inquiry because we cannot know from this record what Brown would have said. It's not enough to suggest that she would have offered evidence favorable to Defendant simply because the prosecutor didn't pursue the question. If counsel knew that Brown's testimony would be harmful, his decision to not ask her opinion concerning Defendant's driving was a tactical choice, which is not a violation of any essential duty counsel owes. Strickland, supra. In any event, and on this record, Defendant has failed to show that he was prejudiced to the extent that Strickland and Bradley require, which is that but for counsel's act or omission the outcome probably would have been different.
Defendant also complains that his attorney should have more effectively cross-examined the State's accident reconstruction expert, Deputy Adams, concerning the theories, assumptions, and calculations underlying his opinion concerning how the accident occurred. The matters which his opinion portrayed were not really in issue, however, and probing on uncontested matters often "digs the hole deeper" for an accused. Further, from this record, we don't know what Deputy Adams would have said. Therefore, the required prejudice is not demonstrated. Strickland, supra.
Defense counsel did call as a witness Kevin Eads, Defendant's co-worker, who testified that when Defendant drove him home shortly prior to the accident Defendant's driving was proper. Eads' testimony also tended to contradict the testimony of two State's witnesses, who had said that a vehicle similar to Defendant's ran them off the road just prior to the fatal accident, because Eads' testimony put Defendant in a different location. Unfortunately for Defendant, the prosecutor elicited testimony from Eads on cross-examination that he and Defendant had been at a tavern after leaving work and before Defendant drove Eads home.
Eads' admission on cross-examination suggested that the Defendant might have been under the influence of alcohol when the fatal accident occurred, which was potentially harmful to Defendant. However, being under the influence was not an element of either offense charged, and Eads said nothing more about how much the Defendant had to drink or whether he was under the influence at all. The rebuttal value of Eads' direct testimony, discussed above, was a far greater potential benefit to Defendant than any detriment which his cross-examination might have caused. Ineffective assistance of counsel is not demonstrated in calling Eads as a witness.
 _______________ GRADY, J.
BROGAN, J. and FAIN, J., concur.